[No. 6061. Decided August 8, 1906.]

CHARLES WATSON, *Respondent,* v. THE TRAVELERS INSURANCE COMPANY, *Appellant.*[1]

ACCOUNT STATED — OBJECTIONS — RECEIPT OF BALANCE — ESTOPPEL. Where an insurance agent, upon a statement by the company of his account, notified the company that the statements were incorrect and that he would not accept the same as final, and there had ever since been a standing dispute between them on the subject, the agent is not estopped to dispute the account by retaining the balance remitted.

INSURANCE — AGENT'S COMPENSATION — PAYMENT TO PREDECESSOR. Where an insurance agent, by his contract with the company, and a subsequent understanding with his predecessor of which the company had notice, was to receive a per cent upon a certain premium collected after he had left the company's employ, payment of such per cent to his predecessor is not authorized by the fact that he indorsed his predecessor's name on the application as the broker through whom he had obtained the insurance.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered August 14, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for insurance agent's commissions. Affirmed.

*Kerr & McCord,* for appellant.

*E. H. Guie, W. A. Keene,* and *J. J. McCafferty,* for respondent.

1Reported in 86 Pac. 659.

Fullerton, J.—This is an action for an accounting. The record discloses that the respondent, and the firm of Watson, Hanford & Company, to whose rights he succeeded, acted as agents for the appellant in the state of Washington, to solicit for it liability and accident insurance. By the terms of the contract under which they were employed, the solicitors were to be paid for their services a certain per centage of the insurance premiums that should be collected upon insurance procured through their solicitation. It was claimed by the respondent that the appellant had collected as such premiums large sums which it had appropriated to its own use, without accounting to him for his interest therein. A trial was had after issue joined on the complaint, which resulted in a finding and judgment for the respondent in the sum of $1,155.60. The appellant excepted to the findings of the court and prosecutes this appeal from the judgment entered thereon.

In the main there is no controversy between the parties over the legal questions presented by the record. The sole question on the greater number of items is one of fact, the question being whether they had theretofore been accounted for. We have examined the evidence with reference to these, and while we find it in some instances unsatisfactory, we think it preponderates with the respondent, and that the court correctly so found.

As to certain of the items allowed by the court, the appellant insists that the respondent is estopped to claim them, because, as it contends, he accepted without protest the appellant's statement of the account, received and retained the balance the appellant remitted as being due, and acquiesced therein for a long period of time. But the evidence, as we read it, does not bear out the contention that the respondent acquiesced in the statements. On the contrary, he states that he notified the company, when the statements were received, that they were not correct, and he would not accept them as final, and certain it is that there has been a standing dispute

ever since the respondent quit the service of the company, over the balance claimed by the respondent to be due him from the appellant. Under these circumstances we do not think the trial court erred in holding that there was no estoppel.

Finally, it is contended that the court improperly allowed an item of $611.10, being per centage on premiums collected from Moran Brothers Company. This item the appellant paid to one A. Sidney Hansard, the agent of the company who succeeded the respondent in this state. It is claimed that this payment was authorized because the respondent had indorsed the name of Mr. Hansard on the application for the insurance as the broker through whom he had obtained the application. But this premium was paid the appellant after the respondent had left the service, and by the terms of the contract the respondent had with the company, and a subsequent contract made with Mr. Hansard of which the appellant had notice, this item was payable to the respondent. Its payment to one who was not entitled to receive it, does not relieve the appellant from its obligation to the respondent.

As we find no reversible error in the record, the judgment will stand affirmed.

MOUNT, C. J., CROW, RUDKIN, and DUNBAR, JJ., concur.